UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| LAWRENCE V. WILDER, SR. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:07-CV-186 |
| | ) | |
| UNUMPROVIDENT | ) | MATTICE/CARTER |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDATION

Pro se plaintiff Lawrence Wilder's Motion to amend his complaint and add a party to the instant action (Doc. No. 9) is before the undersigned United States Magistrate Judge. For the reasons stated herein, it is RECOMMENDED that the plaintiff's motion to amend his complaint be DENIED.

This action arises from a disability insurance policy the plaintiff obtained from the defendant. At some point in the past, the plaintiff made a claim on that policy which the defendant denied. Meanwhile, in order to address concerns by state and federal insurance regulators that the defendant had improperly evaluated claims made on disability insurance policies issued by the defendant, the defendant entered into a multi-state settlement agreement with state insurance regulators and the United States Department of Labor (Department of Labor). As part of this settlement, the defendant agreed to re-evaluate disability claims it had previously denied. The plaintiff's claim was one of these that was re-evaluated. Following re-evaluation, defendant granted the plaintiff benefits. Upon prevailing on his claim for disability benefits, the plaintiff petitioned the defendant for reasonable legal fees. The defendant denied

this petition and the plaintiff has filed the instant action seeking fees and damages totaling $957,598.00.

Plaintiff seeks to add the Secretary of the United States Department of Labor to this complaint on the ground that the "Secretary was the negotiator of the settlement agreement and should have involvement to interpret the terms of the agreement. The Secretary may have authority to enforce any provisions of the settlement agreement."

Leave to amend shall be freely given where justice so requires. Fed. R. Civ. P. 15(a). However, leave to amend need not be given where the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962), *Hutsel v. Sayre*, 5 F.3d. 1996, 1006 (6th Cir. 1993). "[A] proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,....[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations omitted). Further, "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* at 1964 (internal citations omitted.)

The plaintiff has suggested no cause of action against the Department of Labor and the Court cannot assert one for the plaintiff. To allow the plaintiff to amend his complaint to add the Department of Labor would be futile as the plaintiff's proposed amendment asserts no facts

amounting to a cognizable claim against the Department of Labor.  Accordingly, it is

RECOMMENDED that the plaintiff's motion to amend and add a party be DENIED.[1]

    ENTER:

                                                           s/William B. Mitchell Carter
                                                            UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party.  Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file objections within the time specified waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general.  *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).