UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

LAWRENCE V. WILDER, )
)
  *Plaintiff*, )
)
v. ) Case No. 1:07-cv-186
)
UNUMPROVIDENT, ) Judge Mattice
)
  *Defendant.* )

# **ORDER**

Before the Court is United States Magistrate Judge William B. Mitchell Carter's Report and Recommendation [Court Doc. 22] pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), which recommends denying Plaintiff's motion to amend his Complaint to join an additional party (Court Doc. 9). Plaintiff has timely filed an objection to Magistrate Judge Carter's R&R. (Court Doc. 25.) When timely objections are filed to an R&R, the Court must conduct a *de novo* review of those portions of the R&R to which an objection is made. 28 U.S.C. § 636(b)(1)(C). The Court may then accept, reject, or modify, in whole or in part, Magistrate Judge Carter's findings or recommendations. *Id.*

Plaintiff objects to Magistrate Judge Carter's R&R on the basis that Plaintiff intended to join the United States Department of Labor as an additional plaintiff, and not as a defendant as interpreted by Magistrate Judge Carter. The Department of Labor has not filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24. Thus, Plaintiff wishes to join the Department of Labor, as a plaintiff, at his insistence. Plaintiff argues that the Department of Labor "was enforcing the policy provisions of the

plaintiff's disability [insurance] policy with his former employer. Thus, the [Department of Labor] was acting as the regulatory monitor for the plaintiff . . . ." (Court Doc 25, Pl.'s Resp. and Objection to R&R.) Plaintiff does not, however, offer any legal authority for his argument.

Nor can the Court identify any legal requirement that the Department of Labor be included as a plaintiff—by motion of the Plaintiff—in the instant action. Federal Rule of Civil Procedure 19, which defines which parties are indispensable to an action, governs here. Rule 19 would deem the Department of Labor an indispensable party if the Court were unable to afford complete relief to Plaintiff in its absence, *see* Fed. R. Civ. P. 19(a)(1)(A), or if its absence from the instant case would either impair its ability to protect its own interests or leave either party with the chance of double or inconsistent obligations, *see* Fed. R. Civ. P. 19(a)(1)(B).

Nothing in the record suggests that Rule 19 applies to the Department of Labor. Plaintiff's Complaint alleges that Defendant breached a regulatory agreement between it and the Department of Labor which requires Defendant to reexamine Plaintiff's prior claim for disability insurance benefits. In effect, Plaintiff argues that he is a third-party beneficiary to the regulatory agreement. Where contractual rights are involved, as here, and where third-party beneficiaries are parties, the United States Court of Appeals for the Eighth Circuit rejected the argument that all of the original parties to a contract must be joined. *Sandobal v. Armour & Co.*, 429 F.2d 249, 257-58 (8th Cir. 1970) (holding that in a union member's suit against his employer under a collective bargaining agreement between the union and the employer, the union was not an indispensable party pursuant to Rule 19). In the absence of contrary authority from the United States

Court of Appeals for the Sixth Circuit, the Court will apply the holding in *Sandobal*. Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Carter's recommendations pursuant to § 636(b)(1) and Rule 72(b). The Court **ORDERS** that Plaintiff's motion to amend his Complaint to join an additional party [Court Doc. 9] is **DENIED**.

SO ORDERED this 11th day of February, 2008.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE