UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| LAWRENCE V. WILDER, | ) |  |
|---|---|---|
| *Plaintiff*, | ) |  |
| v. | ) | Case No. 1:07-cv-186 |
| UNUMPROVIDENT, | ) | Judge Mattice |
| *Defendant.* | ) |  |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant's Motion for Summary Judgment [Court Doc. 19]. In responding to Defendant's motion, Plaintiff also moves for a change of venue [Court Doc. 23]. The Court will address each such motion in turn.

**I.    STANDARDS OF LAW**

   **A.    Change of Venue**

Transfer of venue under 28 U.S.C. § 1404(a) requires a two-part analysis. First, the movant must identify an alternative forum in which venue is proper. *See id*. Next, the movant must show that the convenience of the parties and witnesses, and the interests of justice, warrant transfer. *See id*; *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). These burdens are significant. Courts should not disturb a plaintiff's choice of forum unless the defendant makes substantial showings of convenience and justice. *See Hoffman v. Blaski*, 363 U.S. 335, 365-66 (1960).

   **B.    Summary Judgment**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may meet this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or by simply " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. To refute such a showing, the nonmoving party may not simply rest on its pleadings. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996); *see Anderson*, 477 U.S. at 249. The nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the

burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II. FACTS

The facts below are not in dispute.

Plaintiff, a claimant under the Employees Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, sues to enforce a regulatory settlement agreement between Defendant and the United States Department of Labor. This agreement provides that Plaintiff, as well as other ERISA claimants, were entitled to a reassessment of their claims for disability benefits from Defendant. (Court Doc. 21-3, Regulatory Settlement Agreement 2.) The agreement further states that if a settlement as to attorney's fees cannot be reached, either of the parties may bring an action for attorney's fees. (*Id.*) As the parties could not reach an agreement as to the amount of attorney's fees to which Plaintiff was entitled under ERISA, plaintiff filed the instant action. (Court Doc. 21-1, Lewis Aff. ¶ 15.)

Plaintiff proceeded pro se throughout his original ERISA claim and reassessment proceedings. (*Cf. id.* 16-17; Court Doc. 23, Pl.'s Mot. in Opp'n to Request for Summ. J. 1-3.)

### III. ANALYSIS

#### A. Motion for Change of Venue

Apparently unsatisfied with his original choice of venue, Plaintiff moves to transfer venue to Trenton, New Jersey. As Plaintiff does not explain, and the Court cannot discern, how venue would lie in Trenton, New Jersey, Plaintiff's motion for change of venue [Court Doc. 23] will be **DENIED**. 28 U.S.C. § 1404(a) (requiring the movant to identify an alternative forum in which venue is proper).

#### B. Motion for Summary Judgment

Defendants seek summary judgment based on the argument that Plaintiff could not be entitled to attorney's fees under the relevant provision of the Employees Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g).

Generally, non-lawyer plaintiffs who proceed pro se are not entitled to an award of attorney's fees. *See, e.g., Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (interpreting 42 U.S.C. § 1988); *Wright v. Crowell*, 674 F.2d 521, 522 (6th Cir. 1982) (per curiam) (interpreting 42 U.S.C. § 1988); *Wolfel v. United States*, 711 F.2d 66, 68 (6th Cir. 1983) (interpreting the Freedom of Information Act). While the United States Court of Appeals for the Sixth Circuit has not applied this general rule to § 1132(g), at least one district court has held that pro se plaintiffs are not entitled to attorney's fees under ERISA. *Boyadjian v. CIGNA Cos.*, 973 F. Supp. 500, 504 (D.N.J. 1997).

Plaintiff does not provide, and the Court cannot find, a reason to distinguish the above-cited cases from the instant action. Plaintiff provides no reason why the Court should not read the term "attorney's fees" in § 1132(g) to mean anything other than fees

incurred by an attorney. Accordingly, the Court will **GRANT** Defendant's Motion for Summary Judgment [Court Doc. 19].

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion for change of venue [Court Doc. 23] and **GRANTS** Defendant's Motion for Summary Judgment [Court Doc. 19].

SO ORDERED this 29th day of July, 2008.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE